UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TEKLEMARIAM DANIEL HAGOS,

           Plaintiff,

   v.

CITY OF SEATTLE,

           Defendant.

CASE NO. 2:22-cv-00191-RSM-BAT

**REPORT AND RECOMMENDATION**

      Plaintiff, a detainee at the King County Jail, pending criminal charges, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging Defendant violated his rights. Dkt. 6. As relief he seeks dismissal of the criminal case against him and monetary damages. *Id.* at 9. By separate order Plaintiff has been granted leave to proceed in forma pauperis.

      The Court has reviewed the complaint, and recommends it be DISMISSED with prejudice under 28 U.S.C. §§ 1915A(a) and 1915(e)(2). Because the complaint's deficiencies cannot be cured the Court recommends leave to amend be denied as futile.

**DISCUSSION**

**A.**    **Relevant Legal Standards**

      The Court is required to screen complaints filed by prisoners, such as Plaintiff, under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1)

REPORT AND RECOMMENDATION - 1

1  frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks
2  monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* §
3  1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).
4        To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true,
5  to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).
6  The factual allegations must be "enough to raise a right to relief above the speculative level."
7  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it
8  lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory.
9  *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).
10        Plaintiff alleges Defendant violated his federal constitutional rights in a complaint
11  brought under § 1983. To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered
12  a violation of rights protected by the Constitution or created by federal statute, and (2) the
13  violation was proximately caused by a person acting under color of state or federal law. *West v.*
14  *Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To
15  satisfy the second prong, plaintiff must allege facts showing how individually named defendants
16  caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*,
17  637 F.2d 1350, 1355 (9th Cir. 1981).
18  **B.**    **Plaintiff's Allegations**
19        Plaintiff alleges the City of Seattle Municipal Court of Seattle violated his rights. In
20  specific, the complaint alleges in Count I that "the 14th Amend. Equal Protection was violated by
21  Courtroom 901-9th floor Honorable Damon Shadid on the grounds that essential witnesses was
22  not present. Dkt. 6 at 4. In support of this Count, the complaint alleges he sought issuance of
23

REPORT AND RECOMMENDATION - 2

criminal subpoenas and there is no indication that the subpoenas were served on Police Officer Eric Munoz. *Id* at 4-5.

In Count II, Plaintiff alleges the "6th Amend. was violated by Courtroom 901-9th floor Honorable Damon Shadid. *Id.* at 6. Count II appears rely upon motions before Judge Shadid and the judge's rulings. Count II states "Criminal law – out-of-court statements and hearsay in general; the confrontation clause and right to cross-examination was violated; *Crawford v. Washington*; favorable evidence was suppressed; a confederate's statement admitting "he had done the actual killing was suppressed; *Brady v. Maryland*; the court order "pointed out a psychiatric examination should be performed," but the police report stated there was no indication of major mental illness; and Plaintiff told his attorney he was falsely imprisoned. *Id*. at 6-8.

**C.      Defendants are Immune**

The complaint alleges actions taken in Plaintiff's pending criminal case by Judge Hadid in Courtroom 901 violated Plaintiff's constitutional rights. The complaint should be dismissed with prejudice because Plaintiff is suing an immune defendant, Seattle Municipal Court Judge Hadid. Counts I and II both alleges Judge Hadid violated Plaintiff's rights regarding discovery (subpoena and *Brady)*; the right to cross-examine witnesses; and issued orders related to Plaintiff's mental health. Judge Hadid has absolute judicial immunity because the complaint alleges acts that occurred in Courtroom 901 regarding Plaintiff's pending criminal case. These actions were all performed within the judge's judicial capacity, and thus Judge Hadid is absolutely immune. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); see *Stump v. Sparkman*, 435 U.S. 349 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the

REPORT AND RECOMMENDATION - 3

jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985).

**D.      The Complaint should be Dismissed as Duplicative**

The instant complaint pertains to the same subject matter and occurrences during the same time period, seeks the same relief, and alleges the same harms as are asserted in the earlier-filed case pending before the Honorable James L. Robart and the Honorable Theresa L. Fricke. *See* 2:21-cv-01640-JLR-TLF.

"Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Goods v. Wasco State Prison*, No. 119CV01318JLTPC, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019); *see, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint repeating pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Goods*, 2019 WL 4670217, at *1; *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. Likewise, "[a] prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it 'merely repeats pending or previously litigated claims.'" *Spatcher v. Gore*, No. 3:20-CV-01089-JAH-LL, 2020 WL 5576724, at *2 (S.D. Cal. Sept. 16, 2020) (quoting *Cato*, 70 F.3d at 1105, n.2 (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted); *Kehano v.*

REPORT AND RECOMMENDATION - 4

1  *Hawaii*, 202 Fed.Appx. 208 (9th Cir. 2006) (unpublished) (District court properly dismissed
2  claim as duplicative pursuant to 28 U.S.C. § 1915A(b)(1)). "Plaintiffs generally have no right to
3  maintain two separate actions involving the same subject matter at the same time in the same
4  court against the same defendant." *Adams v. California Department of Health Services*, 487 F.3d
5  684, 688 (9th Cir. 2007). "Repeating the same factual allegations asserted in an earlier case, even
6  if now filed against new defendants, is subject to dismissal as duplicative." *Goods*, 2019 WL
7  4670217, at *1; *see, e.g., Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th
8  Cir. 1975); *see also, Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit
9  is duplicative if the claims, parties, and available relief do not significantly differ between the
10 two actions." (internal quotation marks and citation omitted)).

11        District courts retain broad discretion to control their dockets and "[i]n the exercise of
12 that power they may impose sanctions including, where appropriate, default or dismissal."
13 *Adams*, 487 F.3d at 688 (citation omitted). "After weighing the equities of the case, the district
14 court may exercise its discretion to dismiss a duplicative later-filed action." *Id.*; *see also M.M. v.*
15 *Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to
16 control its own docket, and that includes the power to dismiss duplicative claims"). "Dismissal of
17 the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings,
18 promotes judicial economy and the comprehensive disposition of litigation." *Id.*, at 692–94.

19        Before filing the instant complaint, Plaintiff filed another § 1983 complaint against Police
20 Officers Eric Munoz, Jonathan Cruuz, Michael Synder, and defense lawyer Emma Carlin. *See*
21 *Hagos v. Munoz, et al.*, 21-1640-JLR-TLF, Dkt 1, 9. In his original complaint, Plaintiff alleged
22 defendants violated his rights when he was arrested on November 11, 2020. Dkt. 1. In his
23 amended complaint, Plaintiff alleges the police violated his rights when he was arrested and his

REPORT AND RECOMMENDATION - 5

defense lawyer is ineffective. Dkt. 9. Plaintiff amplified the allegations contained in the amended by filing a response to a show cause order, Dkt. 10, and a miscellaneous document, Dkt. 11. Plaintiff's response to the show cause includes the same allegations contained in the complaint before this court. The response alleges violations of *Crawford v. Washington*; "hearsay in general," "right to confront witnesses" and "cross-examination and impeachment," *Brady v. Maryland,"* suppression of favorable evidence; and ineffective counsel. *See* Dkt. 10 (earlier case).

In the miscellaneous document, Dkt. 11, Plaintiff alleges Judge Damon Hadid "cut me off" and stated Plaintiff needed to file a motion if he wanted the court to address Plaintiff's allegations. Plaintiff again contends the following rights were violated: the right to confrontation; and the failure to provide favorable evidence under *Brady v. Maryland*.

The present complaint thus overlaps the prior complaint. Both the present and prior complaint allege Plaintiff's rights were violated by the arresting officers leading to false imprisonment and improper prosecution. Both allege Judge Hadid violated Plaintiff's rights in a variety of ways revolving around decisions regarding discovery, cross-examination, and *Brady* material. Accordingly, the Court recommends Plaintiff's claims and the action as a whole be dismissed as duplicative of the earlier filed action, which is still pending.

## CONCLUSION

The Court recommends the instant complaint be dismissed with prejudice. The complaint alleges that Judge Hadid violated Plaintiff's rights for acts committed in Courtroom 901, regarding, discovery hearsay, cross-examination, *Brady* evidence and Plaintiff's mental status. As all of the alleged acts were within Judge Hadid's judge's judicial capacity, he is absolutely immune. Additionally, last year, Plaintiff filed another complaint regarding the same areas of

concern raised in this complaint. The present complaint should thus be dismissed as duplicative of the earlier and still pending civil rights action. Finally, the Court notes it must abstain from interfering in a pending state criminal prosecution, under *Carden v. Montana*, 626 F.2d 82, 83-84 (1980), cert. denied, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Abstention is appropriate because the complaint rests on actions occurring in a pending criminal case. The Court recommends that the complaint be dismissed without leave to amend. Any amendment would be futile in this case. *See Edwards v. Mondora*, 700 Fed. Appx. 661 (9th Cir. 2017) (Affirming dismissal of pro se civil rights actions on grounds leave to amend would be futile).

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **March 25, 2022.** The Clerk should note the matter for **March 25, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 11th day of March, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge